

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

MICHAEL VANUNU
PARTNER
(516) 357-3337
michael.vanunu@rivkin.com

February 1, 2023

**VIA ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Government Employees Insurance Co. v. Sherrie Ann Rawlins, M.D., et al.
Docket No.: 1:22-cv-07917-BMC

Dear Judge Cogan:

Plaintiffs ("GEICO" or "Plaintiffs"), respectfully submit this letter seeking an Order from the Court pursuant to Fed. R. Civ. P. 26(d) granting expedited discovery via non-party subpoenas to determine the identity of John Doe Defendants "1" – "10" (hereinafter, the "John Doe Defendants"). Sherrie Ann Rawlins, M.D. ("Rawlins"), Sherrie Rawlins Medical, P.C. ("Rawlins Medical"), and Dr. Sherrie Ann Rawlins (a Sole Proprietorship) (the "Rawlins SP", and collectively with Rawlins Medical, the "Rawlins Practices") (Rawlins and the Rawlins Practices are hereby referred to as the "Defendants") are in default, and Plaintiffs have requested certificates of default (see D.E. 12-14). As none of the Defendants appeared in this action, GEICO is without the opportunity to meet and confer in accordance with Fed. R. Civ. P. 37(a)(1) and E.D.N.Y. Local Civil Rule 37.3(a), or hold a conference in accordance with Fed. R. Civ. P. 26(f) prior to the service of discovery.

### I. Factual Background

Plaintiffs commenced this action to terminate an insurance fraud scheme where Rawlins and the John Doe Defendants used the Rawlins Practices to submit thousands of fraudulent No-Fault insurance bills to GEICO seeking over $1.75 million for extracorporeal shockwave therapy ("ESWT") and "dry needling" services (collectively the "Fraudulent Services") purportedly rendered to New York automobile accident victims covered by policies of insurance issued by GEICO ("Insureds"). See D.E. 1, passim. The Complaint seeks monetary damages from the Defendants and John Doe Defendants under common-law fraud, unjust enrichment, and conspiracy to commit fraud cause of actions for payments GEICO made based upon the fraudulent charges.

GEICO's Complaint sets forth in detail the Defendants' fraudulent scheme and their submission to GEICO of charges for the Fraudulent Services. In summary, the fraudulent scheme involved submitting charges for Fraudulent Services that:



- were allegedly provided by the Rawlins Practices, which are medical "practices" not under the control and direction of Rawlins, but rather, secretly operated, managed, and controlled by the John Doe Defendants, who are unlicensed laypersons, and who used the Rawlins Practices to effectuate a large-scale insurance fraud scheme on GEICO and other New York automobile insurers (D.E. 1, ¶¶ 3-16, 42-65);

- were provided, to the extent provided at all, pursuant to the dictates of unlicensed laypersons, not based upon legitimate decisions by licensed healthcare providers, and as a result of illegal financial arrangements between the Defendants, the John Doe Defendants, and the multidisciplinary "clinics" located throughout the New York metropolitan area that purported to provide treatment to patients with no-fault insurance (the "Clinics") (D.E. 1, ¶¶ 66-74);

- were provided pursuant to pre-determined fraudulent treatment and billing protocols designed solely to financially enrich the Defendants and John Doe Defendants, rather than to treat or otherwise benefit the Insureds (D.E. 1, ¶¶ 75-84; 95-105);

- uniformly misrepresented and exaggerated the level, nature, necessity, and results of the Fraudulent Services that purportedly were provided to Insureds (D.E. 1, ¶¶ 85-94, 106-112); and

- misrepresented they were provided by Rawlins, when the Fraudulent Services were provided by unlicensed individuals not directly supervised by Rawlins and/or by persons who were not employed by Rawlins or the Rawlins Practices but rather were being controlled and used by the John Doe Defendants across multiple healthcare "practices" in sequential fashion to perform Fraudulent Services (D.E. 1, ¶¶ 113-127).

The Complaint further sets forth in detail the acts perpetrated by the John Doe defendants in support of the fraudulent scheme, and the effort undertaken to mask their identity. As detailed in the Complaint, the John Doe Defendants:

- used Rawlins's medical license, tax identification number of the Rawlins Practices, and electronic copies of Rawlins's signature to generate mass quantities false and fraudulent documents, including NF-3 forms (i.e. bills), assignment of benefit forms, and medical records (D.E. 1, ¶¶ 3-16, passim.);

- used the Rawlins Practices as a fictional healthcare "practices" to serve as a billing vehicle through which over a million dollars of billing for Fraudulent Services could be submitted to GEICO and other New York automobile insurers (D.E. 1, ¶¶ 42-61, passim.);

- profited from the Fraudulent Scheme by arranging to have the account receivables associated with the Rawlins Practices "funded" through companies who were willing to advance money against the receivables, and those advances were directed to the John Doe Defendants and other third parties rather than Rawlins (D.E. 1, ¶¶ 7-13, 62-65); and

- partnered with New York collection attorneys who were willing to purport to represent the Defendants, purport to submit billing to GEICO on the Defendants' behalf, and who would then


accept the insurance payments received from GEICO and automobile insurers through their attorney IOLA/Trust accounts, then distribute the payments to third-parties, not the Defendants (D.E. 1, ¶¶ 9-13, 62-65).

GEICO's Complaint seeks to recover the more than $600,000.00 paid to the Defendants based on no-fault insurance claims submitted for the Fraudulent Services.

## II. GEICO's Request to Serve Expedited Discovery to Determine the Identify of the John Doe Defendants

Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), earlier discovery may be permitted by court order. Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(d)). GEICO's request in this particular situation is both reasonable and supported by "good cause", especially considering that GEICO cannot enter into a Rule 26(f) conference with the Defendants because they have not appeared. See In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing Ayyash v. Bank Al—Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005); see also Malibu Media, LLC v. Doe, 2015 U.S. Dist. LEXIS 51579, at *5 (S.D.N.Y. Apr. 10, 2015) (applying "the flexible standard of reasonableness and good cause," adopted in Ayyash). Indeed, Courts have permitted expedited discovery in advance of a Rule 26 conference to determine the identity of a John Doe defendant. See Cengage Learning, Inc. v. Ielisevych, 18-cv-7382 (S.D.N.Y. Aug. 15, 2018); Navika Capital Group, LLC v Doe, 14-cv-05968 (E.D.N.Y. Nov. 19, 2014).

To identify the John Doe Defendants and the scope of their conduct in this matter, GEICO requests permission to serve non-party subpoenas in order to secure documents and testimony necessary to: (i) identify the individuals and/or entities who were involved in the funding of the fraudulent scheme (the "Funders") and documents associated with the funding, (ii) identify the individuals and/or entities that received the advances on the fraudulent claims from the Funders and the documents associated with such payments, (iii) identify the individuals and/or entities that benefited from the payments made by GEICO and other New York automobile insurers on the fraudulent claims and the documents associated with such payments, and (iv) communications between the individuals and/or entities relating to these categories of issues. GEICO initially intends to issue a subpoena for documents to the collection law firm that submitted billing to GEICO on behalf of the Defendants, collected insurance payments from GEICO, and deposited these payments into their attorney IOLA/Trust account.

GEICO has described the roles of the John Doe Defendants in the fraudulent scheme in its Complaint but has no other avenue to identify them or their level of participation without being able to trace the various financial agreements and transactions. Of note, these are the same type of discovery requests that would be served in the context of a contested litigation and GEICO should not be denied the same rights to disclosure for purposes of proving its case and securing meaningful relief simply because the Defendants have chosen not to appear. In fact, it is not beyond belief that the John Doe Defendants have instructed the Defendants to default as an extension of their efforts to conceal their identities and participation in the fraudulent scheme from GEICO.

The Court's attention to this matter is appreciated.



        Respectfully submitted,

        RIVKIN RADLER LLP

        */s/ Michael Vanunu*
        Michael Vanunu

cc:    All counsel via ECF